UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS VANN, JR., | ) Case No. CV 13-8079-PA (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| KAMALA D. HARRIS, | ) |
| Respondent. | ) |

The Court has reviewed the Petition, the records on file, and the May 23, 2016 Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636.

On November 10, 2015, the Court accepted the Magistrate Judge's October 8, 2015 R&R recommending that Petitioner's motion for leave to amend the Petition be denied. Petitioner had sought leave to amend into the Petition claims dismissed under the procedure in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The Court ordered Respondent to file an answer to the remaining claims in the Petition, which she did on December 11, 2015. Petitioner did not

file a reply.

On May 23, 2016, the Magistrate Judge issued an R&R recommending that Petitioner's remaining claims be denied. On May 31, 2016, Petitioner filed a motion to vacate the November 10 order on the ground that he had been prevented by illness from filing objections to the October 8 R&R. On June 3, 2016, the Court denied Petitioner's motion to vacate its November 10 order but gave him permission to include with his objections to the May 23 R&R any objections he would have made to the October 8 R&R as well as any arguments he would have made in reply to Respondent's Answer to the Petition. The Court advised Petitioner that it would consider all such arguments and, if appropriate, would reconsider its order denying leave to amend.

On June 22, 2016, Petitioner filed a "Reply to Report and Recommendation of U.S. Magistrate Judge," which the Court construes to be his objections. Petitioner concurrently sought an extension of time to file another reply to Respondent's opposition to the motion to amend the Petition. On June 23, 2016, the Magistrate Judge denied Petitioner's request but sua sponte granted him 30 additional days to file supplemental objections. Petitioner has not filed any additional objections or requested an extension of time in which to do so.

Most of Petitioner's objections are directed to the October 8 R&R, not the May 23 one, and most simply repeat arguments he made in his motion to amend and reply. (See Objections at 1-8.) The Magistrate Judge fully addressed those arguments in the October 8 R&R (see Oct. 8, 2015 R&R at 13-14), and the Court sees no need to revisit them here.

1    Petitioner also renews his argument that the Magistrate
2 Judge incorrectly found grounds three, five, and seven of the
3 Petition to be unexhausted.  (Objections at 4-5; see May 26, 2015
4 Reply at 3-4; Oct. 8, 2015 R&R at 4 n.2.)  The Magistrate Judge
5 analyzed the exhaustion issue in detail in her June 17, 2014
6 order granting a Kelly stay, and the Court accepted her findings
7 and conclusions in its November 10 order.  The Court rejects
8 Petitioner's exhaustion arguments for the reasons set forth in
9 the Magistrate Judge's June 17 order.
10    Petitioner objects that the Magistrate Judge misstated the
11 facts concerning defense counsel's attempts to obtain
12 surveillance footage of the crime.  (Objections at 6.)
13 Specifically, he objects to the Magistrate Judge's statement in
14 her October 8 R&R finding his previously unexhausted claims
15 untimely that he implied in his state habeas petitions that the
16 attorney did what she could to obtain the surveillance footage
17 but was stymied by the prosecution.  (Id.; see Oct. 8, 2015 R&R
18 at 17.)  Petitioner argues that his counsel's efforts to retrieve
19 the footage were ineffectual and incompetent and caused its loss.
20 (Objections at 6-7.)
21    The Magistrate Judge made the statement at issue while
22 discussing whether ground one, in which Petitioner contended that
23 defense counsel was ineffective for failing to obtain the
24 surveillance footage, related back to ground two, in which he
25 argued that the police and prosecution violated due process by
26 failing to collect and preserve the footage.  (See Oct. 8, 2015
27 R&R at 17.)  The Magistrate Judge explained that the two claims
28 rested on different factual bases because in ground one

3

Petitioner attributed the failure to obtain the surveillance footage to counsel's deficiencies while in ground two he faulted the police and prosecution. (Id. at 17-18.) In his objections Petitioner stresses that counsel mishandled the matter and was responsible for the loss of the footage. (Objections at 6-7.) But this emphasis on counsel's purported failings only confirms that Petitioner's ineffective-assistance claim in ground one did not relate back to his due process claim in ground two, which ascribed the loss of the surveillance footage to the government's violation of its duty to preserve evidence under California v. Trombetta, 467 U.S. 479 (1984), and Arizona v. Youngblood, 488 U.S. 51 (1988). The Magistrate Judge did not err.

Having reviewed de novo those portions of the R&R to which Petitioner objected, the Court accepts the findings and recommendations of the Magistrate Judge. IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: August 11, 2016

_____
PERCY ANDERSON
U.S. DISTRICT JUDGE